## Samuel Borden *versus* Abner Vincent *et al.*

Where a road was constructed by a town across a navigable river, and the defendant erected a mill and made use of the road for a dam and continued in the occupation thereof for more than twenty years with the knowledge of the plaintiff, who owned land on the river above the road, and without objection on his part or interruption on the part of the Commonwealth, it was *held*, that the plaintiff could maintain no action for the injury occasioned thereby to his land.

This was an action on the case for a nuisance to the plaintiff's mill and meadow, situated on Herring river. The defendants owned a tide mill on the same river, more than one hundred rods below that of the plaintiff.

At the trial, before *Morton* J., it appeared that on May 6th, 1795, a town way was laid out by the town of Fairhaven, across Herring river, which had been kept in repair by the town ever since that time ; that immediately after the construction of such road, the mill belonging to the defendants was built by the original owners thereof, and gates put up at the bridge over the river, the road itself constituting the dam of such mill ; that the road had been used and the mill worked ever since that time, with the exception of the years 1829 and 1830, in which interval the plaintiff erected his mill ; and that the plaintiff's mill did not go into operation till after that of be defendants again commenced working ; and that the plaintiff's mill was flowed upon by the defendants' dam, and its operations impeded thereby.

It further appeared, that the tide ebbed and flowed in Herring river, above the bridge ; that before the road was constructed, two vessels had been up the river above the site of the dam, one of which wintered there ; that boats had passed up with rock-weed and sea-weed, which was deposited on a wharf or platform a few rods above the dam ; that since the road was constructed, no vessels or boats had passed up, with the exception of two scows which had gone up under the bridge, within three or four years, the gates being then open ; and that there never was any draw to the bridge.

The plaintiff had always lived in Fairhaven, and was the owner of the meadow and of the land on which his mill stood.

If the Court should be of opinion, that the plaintiff was entitled to recover on either of the causes of action set forth in the declaration, or all of them, the defendants were to be defaulted ; but if he was not entitled to recover at all, he was to become nonsuit.

Oct. 28th,
1836,
at Taunton.
*Coffin* and *Clifford*, for the plaintiff, cited 1 Russell on Crimes, 485 ; *Rex* v. *Grosvenor*, 2 Stark. R. 511 ; *Arundel* v. *M'Culloch*, 10 Mass. R. 70.

*Warren*, *Spooner* and *Eliot*, for the defendants, cited *Butterfield* v. *Forrester*, 11 East, 60 ; *Smith* v. *Smith*, 2 Pick. 621 ; *King* v. *Cross*, 2 Carr. & Payne, 483 ; *Rex* v. *Neville*, Peake's Cas. 91 ; *Cook* v. *Hull*, 3 Pick. 269 ; *Rex* v. *Montague*, 4 Barn. & Cressw. 598 ; *Bullen* v. *Runnels*, 2 New Hamp. R. 255.

Putnam J. afterward drew up the opinion of the Court. We are not called upon to determine whether the bridge and the mill which the defendants and those under whom they claim have built, are public nuisances or not. If, contrary to probability, a grand jury should be found, after the public have enjoyed the bridge for more than forty years, to present it as a public nuisance, it will be time enough then to determine whether it be so or not.

But the case we are to determine is, whether the plaintiff can, upon the facts found in the case, recover against the defendants for a private nuisance, which is alleged to arise from the dam of the defendants.

If the defendants should produce a deed under the hand and seal of the plaintiff, made before the bridge was built, which, for valuable consideration, purported, so far as the plaintiff was concerned, and so far as all who should succeed and become privy in estate might be concerned, to grant to the defendants and their assigns full liberty to make and continue the bridge and dam, to stop the tide water to work a mill to be built, it would be very clear that the plaintiff could not legally complain of the damage which should be occasioned by such dam or mill, to his estate. He would unquestionably be estopped, and could neither maintain an action for damages, nor remove the obstructions so raised and continued according to his own deed.

If the creek over which the dam should be constructed were technically to be considered as navigable from the sea, and such obstruction might be considered as a public nuisance upon a highway, and the defendants were answerable accordingly to the public, yet by the legal construction of such a deed, he could make no legal claim, and those who should represent him in respect to his estate, could make no legal claim for damages from such erections.

Now the legal result from the facts which are found, is as clear and conclusive evidence of an assent, as if it were proved by the deed of the plaintiff.

The existence of the facts might have been controverted The plaintiff might have denied that the bridge was built more than twenty years ago. He might have denied that the defendants had had a peaceable possession, and he might have denied that it was an adverse possession, and have proved, if the truth would have permitted, that the enjoyment was to be at the will of the plaintiff and of those who should have his estate, or that it was for a limited time which had passed. These things the plaintiff might have contested; but these things being proved, he can no more deny nor controvert the legal result which establishes the defendants' right to the easement, than the heir could deny the right of a widow to have her dower in the lands of which her husband died seised. This is what in the civil law is called *præsumptio juris et de jure.* It is a rule or conclusion of the law, which ascertains the rights and duties of the respective parties as certainly and incontestably, as if they were expressed in a deed or by legislative enactment.

Now in the case at bar it appears, that the right to the easement was claimed and exercised by the defendants, in the presence of the plaintiff, thirty-five years ago, and that it has been exercised peaceably and continually, and adversely, during all that time. The damage done to the plaintiff's lands and estate was as great at the first, as at the last of that period, when the plaintiff undertook himself to put up his mill upon the creek above the defendants' mill. Until that time no complaint or interruption is made on his part ; and to this day, more than forty years from the building of the bridge, no complaint has been made on the part of the Commonwealth.

Borden
v.
Vincent.

It follows, necessarily, as a rule of law, that as between the parties, the right of the defendants to the easement as they and those under whom they claim have enjoyed it, is fixed and established against any claim of damages or interruption by the plaintiff, and those who may derive title under him.

We are all of opinion, that the plaintiff must be nonsuit.